JOHN E. TRAVIS v. HENRY V. SKINNER, COMMISSIONER OF HIGHWAYS.

*Townships—Bridges—Repairs—Jurisdiction of commissioner of highways—Cost of improvement—Mandamus.*

Under How. Stat. § 1381, the opinion of the commissioner of highways as to the cost of repairing a bridge must prevail, and *mandamus* will not be granted to compel such repairs, on his own motion, where in his return he shows that in his opinion the cost of the same will exceed $1,000.

*Mandamus.* Submitted October 2, 1888. Denied October 26, 1888.

Relator applies for *mandamus* to compel respondent to repair a bridge. The facts are stated in the opinion.

*Frank E. Knappen,* for relator.

*Dallas Boudeman* and *Howard & Roos,* for respondent.

LONG, J. This is an application for *mandamus* to compel the commissioner of highways of Cooper township to repair a certain bridge in said township over the Kalamazoo river.

It is claimed by the petitioner, who is the overseer of highways of road-district No. 13 of said township, that a public highway exists and has been in public use for 25 years and more, commencing on the north section line of section 3 of said township, in the village of Silver Creek, at Argenta station; thence running across the north-west corner of said section; then in a south and south-westerly direction to the section line east of section 4; thence on section 4 in a south-westerly direction to about the eighth line running north and south in the E. ½ of section 4; thence south on said line to the Kalamazoo river; thence

across the Kalamazoo river, into said road-district No. 13, continuing south to the quarter line running east and west across section 4; thence west, till it intersects with the highway running north and south to section line between sections 4 and 5; said highway extending north from Silver Creek and Argenta station, on the railroad, to intersect with highways in the township of Gun Plain, in Allegan county, the same being the only highway passing through the village of Silver Creek.

That on the N. E. ¼ of said section 4 there is a public bridge on said highway across the Kalamazoo river; the north end of it being in road-district No. 1, and the south end of it being in road-district No. 13, of said township of Cooper, which has been in public use for over 30 years; which said public bridge was erected and maintained at the expense of said township, and has always been known as the "Russell Bridge."

That in the spring of 1887 said bridge was damaged by high water and ice, and was rendered unsafe for public travel, and by reason thereof it was necessary to lay out repairs thereon in order to make it safe and convenient for public travel; and upon investigation it was found that the expense of putting the same in repair would be in excess of $20, or the amount the overseer had the right to lay out for repairs; and thereupon the commissioner of highways, Henry V. Skinner, was duly notified of the condition of said bridge in the month of April, 1887, by the overseer of road-district No. 1, in writing, in accordance with the sections of the statute in relation thereto; and that since the service of said notice it has been notoriously known in said township, and by said commissioner, that said Russell bridge has been and remains out of repair, and not fit, safe, or passable to travel over on foot or with team.

That said commissioner refuses to repair said bridge,

and that the same can be put in good condition and fit for travel for the sum of $600.

That the highway across said river and said Russell bridge is a public necessity, and it is the main traveled road from Silver Creek and Argenta station south, and the only one out of Silver Creek south.

That it has a post-office, depot, elevator, and market for the people of the surrounding country and other business relations, and that all on the south side of Russell bridge (which is only about one-half mile from the depot and Silver Creek village) have to go around by Plainwell or Cooper Center to get there, which would be six miles one way and seven the other.

That there is a public saw-mill on section 4, between said Silver Creek and said bridge, the patronage of which mostly lies in road-district No. 13; that the same has been cut off since said bridge has become impassable, and that those patronizing the same are greatly damaged thereby.

That in the spring of 1887, and also in the spring of 1888, the north part of said township of Cooper, and those favorably disposed, tried to have an allowance voted at the annual township meeting of each year to fix said bridge; and it was each time voted down by reason of the southern part of the town being the most thickly populated, and holding the balance of power.

Upon filing such petition in this Court an order to show cause was duly made, and the commissioner, in answer thereto, says:

He denies that there has been a public highway and public bridge across the Kalamazoo river as alleged. He admits that there is a public highway in said township running south-westerly from the north line of said township across the N. E. ¼ of section 4, to the east bank of the Kalamazoo river, and a public highway running westerly across a portion of said township, and northerly

through a part of the N. E. ¼ of section 4, to the west bank of the Kalamazoo river; and that the Kalamazoo river runs the entire length of Cooper township; that through the center of said township, running east and west, is a public highway and public bridge, crossing the Kalamazoo river, and said last-mentioned highway and bridge have been maintained by said township of Cooper for more than 30 years last past, and the same is now in actual use, being maintained by said township.

The public bridges are maintained across said Kalamazoo river at the city of Kalamazoo, Cooper Center, and Plainwell. It is further claimed by the respondent that prior to the year 1868 there was a bridge crossing the Kalamazoo river at the point now crossed by the Russell bridge, and in that year it broke down, and was destroyed, and from that date until about 11 years ago there was no bridge at that point; that about 11 years ago this bridge was rebuilt at that point by private individuals, who were interested in having the same rebuilt, but that the township of Cooper took no part in building the same; that after being so rebuilt the township authorities posted notices, stating that said bridge was not a public bridge, and that the township would not assume any risks in maintaining it, or any liability connected therewith; and that the same has been kept and maintained since that time by private parties, and not at the expense of the township.

That the question of repairing or rebuilding said bridge has been twice submitted to the voters of said township, and voted down, as alleged in said petition; that he has caused estimates to be made, and has estimated the cost thereof himself, of rebuilding or repairing said bridge, and finds that the expense thereof would be not less than $1,500; that there is no appropriation made for the expense thereof, and that the township has refused, and

still refuses, to vote any money for that purpose, or for paying any order which respondent might draw to pay the expense thereof.

Respondent denies that there is no highway running south from Silver Creek village, except that on section 4, but says that there is a highway running south from said village to the city of Kalamazoo, on the east side of Kalamazoo river; that he has no right or legal authority against the consent of said township to make a public highway out of said bridge, and thus throw the expense of building, repairing, and maintaining such bridge upon the township; and that there is no public necessity for said bridge.

A large number of affidavits are annexed to the petition filed, made by residents of the township of Cooper, and of the adjoining township of Gun Plain, in Allegan county, alleging the necessity of said bridge, and also are found in the record a large number of affidavits annexed to the answer of respondent in opposition thereto. The question of the repair of this bridge seems to have aroused considerable public discussion and dissensions in the community; many of the citizens favoring the repair at public expense, and others being opposed thereto, claiming that it is not now, and never was, a public bridge and highway, and opposing it as such.

The respondent also says that he denies that said bridge has ever been maintained at public expense; that, while it is true that the highways on either side of the river have been worked to the river bank, the bridge is a private bridge, and the highway has never been extended across the river.

It is conceded by the parties that the expense of repair would exceed the sum of $20, the extent to which the overseer of highways may go under the statute, in expending the public moneys for the repair of bridges

but it appears from the petition, and affidavits thereto annexed, and the answer of the respondent, and affidavits annexed, that there is great diversity of opinion as to whether it could be repaired so as to make it reasonably safe for public travel at a sum not exceeding $1,000, being the limit of the power of the commissioner of highways under the statute to expend the moneys of his township in making such repairs, or in rebuilding the same.

It is provided by section 1379, How. Stat.: .

"The commissioner shall have the care of building, rebuilding, and repair of all bridges, where the cost in either case shall exceed twenty dollars, and in such case he shall proceed to such building, rebuilding, or repair; and, where the cost in any case shall be over fifty dollars, the same shall be let by contract," etc.

This section also provides that where the cost of building, rebuilding, or repair shall be less than $20, the overseer of the road-district shall have charge of and shall proceed to rebuild, etc.

Section 1381 provides:

"Whenever, in the opinion of the commissioner, an exigency may exist requiring the expenditure of a greater sum than one thousand dollars for the building, rebuilding, or repair of any bridge or bridges in his township, he shall notify the township clerk thereof in writing, and the township clerk shall, as soon as may be, call a meeting of the township board to consider the matter of such notice. In case the exigency be deemed sufficient, the township board may order that the question of raising money for such building, rebuilding, or repair be submitted to the electors of the township."

This section then provides, further, that the qualified voters may vote a sum not exceeding one-half of 1 per cent. in any one year on the assessed valuation of the real and personal estate of the township, etc.

It is insisted by counsel for relator that when this notice was given by the overseer of highways it became the duty of the commissioner under this statute to proceed to repair the bridge; that the only way for him to ascertain what the expense would be, and whether it would exceed $1,000, the limit fixed by the statute which the commissioner could expend, was by advertising for proposals to build or repair, and in this way ascertain the cost. The statute above cited, however, does not require such action on the part of the commissioner. It provides that—

"Whenever, in the opinion of the commissioner, an exigency may exist requiring the expenditure of a greater sum than one thousand dollars," etc.,—

He shall notify the township clerk. The statute plainly contemplates that the opinion of the commissioner shall govern his action.

In his answer the commissioner states that in his opinion the cost would exceed $1,000, exclusive of the approaches. He has also caused estimates to be made of such cost by experts, and is advised by them that the cost of rebuilding or repairing this bridge would exceed $1,000, the limit of the commissioner's jurisdiction, and in the opinion of these parties it would exceed $1,500. Other affidavits are annexed to the answer showing the same facts.

Many affidavits are annexed to the petition showing that this bridge would cost much less than the $1,000, but we cannot from this showing set up our opinion, gathered from these facts stated in the affidavits for the respective parties, in opposition to the opinion of the commissioner, which is to prevail, and upon which he has the undoubted right to act under this statute.

If the cost of the repairs or rebuilding of this bridge exceeds $1,000, and from the opinion of the commissioner

it appears that it would cost $1,500 to make it reasonably safe for public travel, then the only duty devolving upon the commissioner was to report the facts to the township clerk, whose duty it is to lay it before the township board, and they may submit the question for raising such moneys to a vote of the electors of the township. It appears, however, that the question has been twice submitted to them already, and by a large majority of the electors the vote has been adverse to raising any moneys for this purpose. Under this statute the qualified electors are to determine this question.

We are not satisfied that this bridge is a public highway, or that it was ever recognized by the public as such. It is alleged in the petition to be a public highway, and denied by the answer. If a public highway, as we have seen, the commissioner must make the determination whether the costs of rebuilding or repairing would exceed $1,000, and the statute vests in him the power to make such determination. If it is not a public highway, then whatever the cost, whether $1,000 or half that sum would be required, the commissioner could not be compelled to proceed. The Court could not compel an officer of a township to make it a public highway, or to expend moneys of his township upon its repairs, if not a public highway. The public necessity of a bridge, then, must be determined by the local authorities, and not by the courts.

It is conceded that the highways leading to the river upon either side are public ways; but this fact does not make the bridge a public bridge and public highway, or cast any duty upon the township to rebuild or repair, or make the township in any way responsible for its being out of repair. The statute points out the way to make it public. It is left to the localities themselves to determine whether it shall be so in fact. We have no power,

under the circumstances shown by this record, to compel the commissioner to act

The writ of *mandamus* must be denied.

The other Justices concurred.